# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JEFFREY R. SWANSON,

    Plaintiff,

v.                                                            Civ. No. 19-65 MV/GBW

JSR TRUCKING INC. and VOLVO GROUP
NORTH AMERICA LLC,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me pursuant to the Court's Order of Reference (*doc. 20*), referring Plaintiff's Motion to Remand (*doc. 12*) and the attendant briefing (*docs. 14, 18*) to me for analysis, proposed findings, and recommended disposition. Having reviewed all relevant materials and applicable case law, I recommend that the Court GRANT Plaintiff's Motion for the following reasons.

### I.    BACKGROUND

This case stems from Plaintiff's alleged fall from the side stairs of a Volvo semi-tractor trailer in Santa Rosa, New Mexico, during a stop along Plaintiff's route as an independent contractor for JSR Trucking Inc. ("JSR Trucking"). *Doc. 3-1*. Plaintiff filed his Complaint against Volvo Group North America LLC ("Volvo") and JSR Trucking in New Mexico's First Judicial District on November 30, 2018. *Id.* In his Complaint,

Plaintiff asserted a negligence claim against JSR Trucking, and claims for strict products liability, negligence, breach of implied warranty of merchantability, and punitive damages against Volvo. *Id.*

Defendant Volvo timely removed the case to federal court on January 22, 2019.[1] *Doc. 3*. The Notice of Removal states that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and § 1441 because the parties in this action are citizens of different states and the amount in controversy exceeds $75,000. *Id.* at 2-3.

Prior to the removal, JSR Trucking was properly served through the New Mexico Secretary of State on December 19, 2018. *Doc. 12-3* at 10; *doc. 12-4* at 2. It has not answered or otherwise appeared in the state court or this Court, nor has it consented to the removal.

On February 20, 2019, Plaintiff filed the instant Motion to Remand. *Doc. 12*. Briefing was complete on April 10, 2019. *Doc. 18*.

## II. STANDARD OF REVIEW

Ordinarily, if removal is based on federal diversity jurisdiction, removal is proper only where all properly joined and served defendants consent to removal. *See Harvey v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 797 F.3d 800, 805 (10th Cir.

---

[1] Under § 1446(b)(3), a removing party must file a notice of removal "within 30 days after receipt … through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

2015) (quoting § 1446(b)(2)(A)). To remove a case based on diversity, the removing party bears the burden of proving removal is proper by a preponderance of the evidence. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (abrogated on other grounds in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)). Moreover, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. ANALYSIS

"[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (citation omitted). The parties do not dispute that the Court has subject matter jurisdiction in this case, *see generally docs. 12, 14, 18*, because the requirements for diversity jurisdiction have been met. Rather, their dispute concerns the second basis: whether removal procedure was defective.

Removal procedure is governed by 28 U.S.C. § 1466. "The failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Id*. at 1077 (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir.1999)). The Tenth Circuit recognizes three grounds for remanding a case due to defects in removal procedure: "(1) noncompliance with the

time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which forbids removal when a defendant is a citizen of the forum state." *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1094-95 (10th Cir. 2017).  Plaintiff contends that removal was defective on the second ground, namely, because Defendant Volvo failed to comply with the unanimity requirements in § 1446(b)(2)(A).  *See generally docs. 12, 18*.  As a result, he argues that the case should be remanded to the First Judicial District.  *Id.*

Under the unanimity requirements of § 1446(b)(2)(A), if a case is removed based solely on federal diversity jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  *Harvey*, 797 F.3d at 805 (quoting § 1446(b)(2)(A)); *see also Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1183-84 (10th Cir. 2014) (quotation omitted) ("consent [to removal] is required…of defendants who have been properly joined and served"); *Romero v. Knee*, 2018 WL 3966275, at *2 (D.N.M. Aug. 17, 2018) (slip copy) (quoting *Doe v. Sunflower Farmers Markets, Inc.*, 831 F. Supp. 2d 1276, 1278 (D.N.M. 2011)) ("Often called the 'unanimity rule,' a failure of all 'served' defendants to consent in writing to removal constitutes a

procedural defect requiring remand."). Here, Defendant JSR Trucking did not join in or consent to the removal of the action.

This failure to consent is not necessarily fatal. This Court has previously recognized two exceptions under which the unanimity requirement is excused:

> First, a nominal or formal party is not required to join in the petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local*, 427 F.2d 325, 327 (5th Cir. 1970). Second, a defendant who has not yet been served with process is not required to join. *Pullman Co v. Jenkins*, 305 U.S. 534, 540-41 (1939).

*Brady v. Lovelace Health* Plan, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007) (Vázquez, J.). However, neither party contends that JSR Trucking is a nominal or formal party or that it was improperly joined or served.

Defendant Volvo nevertheless urges the Court to deny Plaintiff's Motion to Remand, arguing that JSR Trucking's "consent to removal should not be required based upon [its] failure to appear or answer in this matter." *Doc. 14* at 1. Specifically, Volvo contends that JSR Trucking is in default[2] because its answer was due in the state action

---

[2] Plaintiff objects to the characterization of JSR Trucking as a party in default, noting that Plaintiff "has not requested a default judgment against JSR Trucking nor has he applied to the trial court for any such judgment." *Doc. 18* at 2. Because the undersigned recommends remand even assuming JSR Trucking has defaulted, there is no need to address this nuance.

5

on January 21, 2019; yet, as of March 13, 2019,[3] it had not entered an appearance or filed a responsive pleading. *Doc. 14* at 2.

Defendant recognizes that the Tenth Circuit and the District of New Mexico have never addressed whether or not an exception to the unanimity requirement exists when the non-consenting party is in default. *Id*. at 4. Moreover, it concedes that the weight of the authority rejects such a proposition. *Id.* ("VGNA acknowledges that the weight of authority has found that there is no exception to the rule of unanimity for a defaulting defendant.").[4] In fact, the undersigned has found only one case which has adopted such an exception. It is on that case, *White v. Bombadier Corp.*, 313 F. Supp. 2d 1295 (N.D. Fla. 2004), that Defendant relies.[5] *Doc. 14.* at 4-5. In *White*, the court opined,

> [I]t is possible under some circumstances for the unanimity requirement to be excused with respect to a defaulted defendant who has not appeared. However, in order to excuse such consent, the removing defendant must allege with specificity in its petition for removal, and prove upon challenge by a timely motion to remand, that the removing defendant has unsuccessfully exhausted all reasonable efforts to locate the defaulted defendant to obtain its consent. Conclusory allegations in an affidavit are insufficient. Instead, to sustain its burden on removal, the removing defendant must describe what efforts it took

---

[3] Plaintiff confirmed on April 10, 2019 that JSR trucking, as of that date, had failed to make an appearance, answer, or indicate its consent to removal. *Doc. 18* at 3.

[4] Volvo candidly cites several cases rejecting a "defaulted party" exception to the unanimity requirement. *See doc. 14* at 4 (string cites).

[5] The *White* court itself emphasized that there is
> no reported federal appellate court decision where a removing defendant has been excused from obtaining the consent of a codefendant who [has] been personally served, but against whom a default has been entered for failure to appear and answer the complaint. All of the other judicially recognized exceptions to the unanimity requirement that relate to a defendant's status involve named defendants who either have not been properly made a party to the action or who have been named fraudulently to defeat removal, and thus are not proper parties at all.

*White*, 313 F. Supp. 2d 1295, 1303 (N.D. Fla. 2004).

6

and those efforts must be consistent with the exercise of reasonable diligence, similar to that necessary for a plaintiff to establish a basis for substitute service.

*White*, 313 F. Supp. 2d at 1304.

Even if the Court were persuaded by *White*, it does not support an exception to the unanimity rule here. Volvo never attempted to contact or communicate with JSR Trucking in an effort to obtain its consent prior to removing the action. *See doc. 14* at 2-3. Volvo's only communication with JSR Trucking occurred on February 21, 2019, one month following the filing of its removal notice and, notably, one day following the filing of Plaintiff's Motion to Remand. *Id.* Importantly, Volvo did not allege in its petition for removal that it had exhausted all reasonable efforts to locate JSR Trucking and obtain its consent, as the *White* exception would require. *See generally doc. 3*. In fact, all that Volvo says on the matter in its removal notice is: "JSR Trucking, Inc. has not yet entered an appearance in the State Court Action." *Id.* at 2. Thus, even if the Court were to adopt the *White* exception, Defendant has not met its burden of demonstrating the exhaustion of all reasonable efforts to contact JSR Trucking prior to removing the case. *But see Romero v. Knee*, 2018 WL 3966275, at *3 (D.N.M. Aug. 17, 2018) ("[T]he question [when considering a Motion for Remand and the unanimity rule] is not whether the removing defendant did everything it could to obtain consent, but whether all properly-served defendants consent to removal. . . . If fewer than all defendants consent to

removal…removal is not appropriate, regardless of the fact that the removing defendant tried its best to obtain consent.").

Defendant makes no other argument in support of its contention that removal is proper. Because the burden is on the removing defendant to show that removal is proper and Defendant has not met this burden here, I recommend that the Court grant Plaintiff's Motion to Remand.[6]

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Court GRANT Plaintiff's Motion (*doc. 12*) and REMAND the case to New Mexico's First Judicial District.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

[6] Plaintiff has not sought "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c).